(USAO GAN 6/10)  Search Warrant

# United States District Court
## NORTHERN DISTRICT OF GEORGIA

In the Matter of the Search of

Property located at 4029 Mountain Side Trail, Dacula, GA 30019-7266

**SEARCH WARRANT**
Case number: 1:20-MC-833
**UNDER SEAL**

TO: Special Agent Paul Fike, and any Authorized Officer of the United States

Affidavit(s) having been made before me by Paul Fike who has reason to believe that in the property described as:

**Property located at 4029 Mountain Side Trail, Dacula, GA 30019-7266, as further described in Attachment A (incorporated by reference),**

in the Northern District of Georgia there is now concealed certain property and certain information, namely,

**See Attachment B (incorporated by reference),**

which constitutes evidence of a crime, contraband, fruits of crime, or items illegally possessed, and property designed for use, intended for use, or used in committing a crime, concerning violations of Title 18, United States Code, Section 1344 and Title 18, United States Code, Sections 1956 and 1957.  I find that the affidavit(s) establishes probable cause to search for and seize the certain property and certain information from the property described above.

YOU ARE HEREBY COMMANDED to execute this warrant on or before ___May 22, 2020___ (not to exceed 14 days) IN THE DAYTIME (6 a.m. – 10 p.m.).  You must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave a copy of the warrant and receipt at the place where the property was taken. The officer executing the warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Catherine M. Salinas.

| May 8, 2020 at   6:52 p.m. | at | Atlanta , Georgia |
|---|---|---|
| Date and Time Issued | | City and States |

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer
Issued pursuant to Federal Rule of Criminal Procedure 4.1

AUSA J. Russell Phillips

(USAO GAN 6/10) Search and Seizure Warrant (Page 2)

| **RETURN** | | |
|---|---|---|
| Case No: 1:20-MC-833 (Under Seal) | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of | | |
| A list of property/information/data/person(s) seized: | | |

**CERTIFICATION**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

_____        _____
Date        Executing officer's signature

                                                          _____
                                                          Printed name and title

# Attachment A
# Property to be Searched

The property to be searched is a residence located at 4029 Mountain Side Trail, Dacula, Georgia, 30019. It is depicted in the photographs below and is a two story, brown brick, five bedroom, three bathroom, approximately 4,170 square foot single family home with black shutters located in the Overlook subdivision in Dacula, Georgia. The front door is black with windows on the top half of the door. The three vehicle garage is brown and is on the left side of the home if it is faced from the roadway. **The Subject Premises** includes the residence, the garage, the curtilage, and outbuildings located at **the Subject Premises** or within its curtilage.







# Attachment B
# Property to be Seized

1. Records, in whatever format found, relating to violations of Title 18, United States Code, §§§ 1344 (Bank Fraud), 1956 (Money Laundering), 1957 (Transactional Money Laundering), and conspiracy to commit these offenses, involving MAURICE JOHNSON FAYNE, FLAME TRUCKING, CAWANZA WILKINS and others identified and/or unidentified, and occurring after April 4, 2019, including:

   a. Records, information, and/or communications related to the Small Business Administration and the Paycheck Protection Program;

   b. Records, information, and/or communications relating to bank accounts, loan accounts, credit card accounts, or other financial accounts, including, but not limited to, account numbers, credit and debit cards, records concerning the establishment, possession, access, and control of the accounts, wire transfers, deposits and other credits, debits and other withdrawals, monetary instruments, cashier's checks, personal checks, receipts, letters of credit, credit card statements, money orders, passbooks, cancelled checks,

    certificates of deposit, loan records, income and expense summaries, and cash disbursement journals;

c. All tax records, including but not limited to state and federal individual and corporate tax returns;

d. Records, information, and communications relating to and reflecting FLAME TRUCKING, including, but not limited to, Secretary of State or other government office records, registration records, Articles of Incorporation and other incorporation documents, bank records, employment records, paychecks, paystubs, work schedules, records of and agreements with payroll processing companies, letterhead, email addresses, websites, and correspondence;

e. All communications, in any form, with or between MAURICE JOHNSON FAYNE and the following individuals: CAWANZA WILKINS, JONATHAN MARTIN, TYRICE VAUGHAN, GREAT DANE LLC, DANIEL JAY, TRANSAM TRUCKING EXCHANGE, CORNELIUS HOOD, MICHAEL SARGENT, JAMAAL SHEPARD, and JACQUELINE WOODS;

    f. Lists of contacts and related identifying information for other co-conspirators, including, but not limited to, aliases, phone numbers, photographs, and social media;

    g. Official checks, cashier's checks, money orders, United States currency, foreign currency, or any other monetary instruments;

    h. Indicia of occupancy, residence, control or ownership of the SUBJECT PREMISES;

    i. Records, information, and/or communications related to United Community Bank, Inc., including correspondence to and from the bank;

    j. Records related to Arvest Bank, including bank statements;

    k. Records related to flametruckinc@gmail.com;

    l. Any documents, records, programs, or applications that identify the internet service provided to the SUBJECT PREMISES; and

    m. Records and information establishing ownership and control over the seized items in paragraphs 2, 3, and 4.

2. 18 kt Rolex 41mm Presidential watch, serial number 5636S3S8, with diamonds.

3. 10 kt custom-made Cuban bracelet with 34.75 carats of diamonds.

4. 14 kt custom-made ring with 5.73 carats of diamonds.

5. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

   m. contextual information necessary to understand the evidence described in this attachment.

 6. Routers, modems, and network equipment used to connect computers to the Internet.


  As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

  The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware. The term "storage medium" includes any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

  This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.